UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARCUS J. ANGELET,

    Plaintiff,

  v.

JEANETTE RUIZ; EILEEN STACK, Acting
Deputy Commissioner and Director for the
Center for Child Well Being; AMANDA WHITE,
Kings County Family Court Administrative Judge;
MICHAEL R. MILSAP, Bronx County Family
Court Judge; MIRNA MOMPELAS, Kings
County Family Court Support Magistrate;
ROBERT RATANSKI, Kings County Family
Court Clerk; DANIEL J. TURBOW, Former Judge
of Kings County Family Court; ERIKA BROWN,
Ex Wife,
    Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-1920 (WFK)(VMS)

**WILLIAM F. KUNTZ, II, United States District Judge:**

  Plaintiff, Marcus J. Angelet, proceeding *pro se*, brings this action against his ex-wife and various state court Judges and officials, asserting claims under 42 U.S.C. § 1983 related to state court proceedings concerning his divorce, custody of his daughter and child support determinations which were made between 1999 and 2001. He seeks damages. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for the purpose of this Order. For the reasons set forth below, the action is dismissed.

## BACKGROUND

  The following facts are drawn from Plaintiff's complaint and its attachments, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff and Defendant Erika Brown were divorced by a judgment entered on July 30, 1999 and

1

filed on August 24, 1999 in the New York State Court, Kings County. Subsequently, Erika Brown, Plaintiff's ex-wife, petitioned the Family Court of the State of New York, County of Kings for support of their daughter. Plaintiff was ordered to pay support to his daughter who was born on December 12, 1994 and is now twenty-one years old. He brings this action to challenge the family court's jurisdiction to enter that order of support which, he alleges, "has left myself and my daughter estranged from one another due to my ex-wife and Judge Michael R. Milsaps custodial interference" and compromised his financial situation and "restricted me from living the life I want to live." He seeks damages and to have Judges Milsaps and Turbow and his ex-wife prosecuted.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes Plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). However, where a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### A. Domestic Relations Exception to Jurisdiction

The federal courts have customarily declined to intervene in the realm of domestic relations. "Long ago [the Supreme Court] observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *In re Burrus*, 136 U.S. 586, 593-594 (1890) and *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also McArthur v. Bell*, 788 F. Supp. 706 (E.D.N.Y. 1992) (Wexler, J.) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, district court did not have subject matter jurisdiction); *Neustein v. Orbach*, 732 F. Supp. 333 (E.D.N.Y. 1990) (Bartels, J.) (district court held that it lacked jurisdiction because it could not resolve

3

factual disputes connected to domestic relations). Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody. *See Ruchinsky v. Devack*, 14-CV-2219, 2014 WL 2157533, at *9 (E.D.N.Y. May 23, 2014) (Townes, J.) ("While *Ankenbrandt* did not expressly state that the domestic relations exception extends to child support decrees, the Second Circuit has stated that 'where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child' ... [courts] generally decline jurisdiction pursuant to the matrimonial exception.") (quoting *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir.1990)); *Sullivan v. Xu*, 10-CV-3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (Vitaliano, J.) (no jurisdiction over the plaintiff's challenges to child custody and child support orders); *Neustein*, 732 F. Supp. at 339.

Here, Plaintiff seeks review of long-ago determined decisions by the state court regarding the custody and support of his daughter on the basis that the court that made the decisions was without jurisdiction to do so. If this Court were to allow Plaintiff to pursue this action, it would be forced to "re-examine and re-interpret all the evidence brought before the state court" in the earlier proceedings. *McArthur*, 788 F. Supp. at 709. As such, this action is barred by the domestic relations exception to this court's jurisdiction. Whereas ordinarily the Court would allow Plaintiff an opportunity to amend his complaint, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction.

### B. Immunity to § 1983 Actions

Even if the Court were not barred by the domestic relations exception from considering this complaint, the claims against the judges that Plaintiff has named as Defendants would be dismissed. The complaint names five state court judges who have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. *See Warden v. Dearie*, 172

4

F.3d 39 (2d Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune to suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction). "The Supreme Court has established a two-prong test to determine whether an act is 'judicial.'" *Barrett v. Harrington* 130 F.3d 246, 255 (6th Cir.1997) (cited with approval in *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir.2004)). First, the Court must consider whether the function is "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Second, the court must assess whether the parties dealt with the judge in his judicial capacity. *See id.*

In this case, the allegedly unconstitutional actions were undertaken by Defendants in the course of presiding over the state-court divorce and custody actions. At all times relevant to this action, Plaintiff's sole interface with Defendants was in their capacity as the judges presiding over the state-court child divorce and custody actions, and Defendants were acting within their jurisdiction as a judges of the family court. Accordingly, Plaintiff's § 1983 complaint against Judges Ruiz, White, Milsap, Mompelas, and Turbow is dismissed because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Private Party

In order to maintain a claim under 42 U.S.C. §1983, Plaintiff must allege that: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Defendant Erica Brown, Plaintiff's ex-wife, a private individual, does not act under color of state law within the meaning of 42 U.S.C. § 1983. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Academy v. Tennessee*, 531

U.S. 288, 304-05 (2001) (discussing whether athletic association was state actor within reach of § 1983); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action); *See Ames v. Stevens,* 2015 WL 5513021, at *7 (holding that the Correctional Association of New York is a private entity, and that its reports are therefore not public records). Therefore, the section 1983 claim against Erika Brown is also dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Other Defects**

Additionally, it appears that this action is barred by the statute of limitations because the actions which Plaintiff challenges occurred between 2000 and 2002, and he filed this action in 2016, well beyond the statutes of limitations applicable to 42 U.S.C. § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (statute of limitations on § 1983 claim to which New York law applies is three years).

Further, to the extent Plaintiff asks this Court to review and vacate the orders of the Family Court entered sixteen years ago, those claims are barred by the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1521-22 (2005) (stating that the *Rooker-Feldman* doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Finally, to the extent that Plaintiff seeks the prosecution of his ex-wife and judges involved in his family court cases, criminal prosecutions are within the province of the prosecutors who have unreviewable discretion over the decision not to prosecute, not individual citizens. *Leeke v. Timmerman*, 454 U.S. 83 (1981).

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Moreover, the judicial Defendants are immune from this action and Plaintiff fails to state a claim against Defendant Brown. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

s/ WFK

William F. Kuntz, II
United States District Judge

Dated: May 17, 2016
Brooklyn, New York